Withers, J.
delivered the opinion of the Court.
The jury have found that H. H. Kinard, the defendant, was a creditor of Nicholas Sligh, subsequent to the date of his mortgages to the plaintiffs; but that he had notice of the same before the debt arose. We shall, therefore, consider Kinard as occupying the position of a creditor, although it is foreseen, that a state of relations may possibly exist, arising out of collateral liens to secure an endorser or surety, that may make it rather difficult to determine whether one be legitimately a creditor. In this case, however, the parties all appear to occupy the same relation to Kinard, in that respect.
The complaint here is, that the notice, traced to Kinard, of the existence of the prior mortgages, was not sufficiently full and complete, as to the terms and character of the mortgages, to answer the purposes of the Act of 1843. That Act deprives a prior mortgagee of his advantage (unless his mortgage be recorded as it prescribes, which was not done in this instance) over a subsequent creditor nr purchaser “ without notice." No description of notice is specified. None more perfect and particular could have been required by the defendant than that to which the Circuit Judge held he was entitled — for he told the jury that it “ must be explicit and equal to spreading the deed on the record
They have responded affirmatively to this instruction. Yet, there is no testimony to shew that the notice received by Kinard conveyed to him intelligence as ample and perfect of the provisions of the mortgages as he might have procured had they been spread upon the records. Nor are we prepared to rule that the Act of 1843, heretofore cited, entitled him to such *77 notice. The notice required under former Acts has been characterized, in Tate v. Crawford, as necessary to be “ actual” and “ explicit.” But notice of what ? Scarcely of the particulars mentioned in the 2d ground of appeal. But rather, it seems to us, of the fact that there was an existing.lien, of a particular description, in favor of a certain party, upon the property in the view of one about to become subsequent creditor or purchaser. Would not this subserve all the purposes supposed to be in contemplation of the law — the leading end being to admonish a purchaser or creditor of a snare ? In such case, would not a reasonably prudent man seek further information, if he needed it, from the morgages; or require the person who proposed to deal with him to furnish it 1 In this case the fullest information might have been procured by Kinard from the office of Secretary of State, one of the places where the mortgages were required to be recorded, and were recorded. Yet he did not seek it there. Recognising the existence of the mortgages, he said he did not regard them, because they were not recorded in the Register’s office. It is hence pretty manifest that he did not go upon the notion that he had no notice of them in fact, but on the legal theory that they were void as to him for want of being recorded.
1 McC. 265.
We think that he had notice altogether equivalent to that required by the late Act; the charge on the subject was fully as strong in his behalf, notwithstanding the 1st and 3d grounds of appeal, as he had any pretence to claim; and therefore the motion is refused.
Richardson, J. O’Neall, J. Evans, J. and Frost, J. concurred.

Motion refused.